UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


JOHN J. LAFOY, et al.,                         )
                                               )
        Plaintiffs,                            )
                                               )
        vs.                                    )          Case No. 4:16CV00466 ERW
                                               )
VOLKSWAGEN GROUP OF AMERICA,                   )
INC., et al.,                                  )
                                               )
        Defendants.                            )

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Expedite Briefings and Ruling

on Plaintiffs' Motion to Remand, [ECF No. 7] and Defendant Volkswagen Group of America

Inc.'s (Defendant) Motion to Stay Proceedings and Enlarge Time to Answer. [ECF No. 8].

## I. BACKGROUND

This case concerns Plaintiffs' alleged injuries from their purchase and use of Volkswagen

automobiles with "TDI® clean diesel engines." Defendant removed this case to Federal Court

alleging jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331; and

diversity jurisdiction under U.S.C. §§1332, 1441(a) and 1446 (b). Defendant's federal question

jurisdiction is based on Plaintiffs' state law claims arising under the Federal Clean Air Act and

diversity jurisdiction is based on Plaintiff Waterman being fraudulently misjoined, an exception to

the complete diversity requirement. [ECF No. 1].

Plaintiffs argue in their motion to remand removal was improper, as this Court lacks

subject matter jurisdiction, because there is not complete diversity between the parties, and their

claims do not arise under federal law. [ECF No. 6]. Defendant argues in its Memorandum in

Opposition jurisdiction is proper under federal question jurisdiction as each of Plaintiffs' state law claims alleges violations of the Federal Clean Air Act, and under 28 U.S.C. § 1332(a) jurisdiction is proper because Plaintiff Waterman is fraudulently misjoined in the action since he has no connection with the forum. [ECF No. 10]. Plaintiffs argue in their reply memorandum the Court should resolve subject matter jurisdiction before resolving issues of personal jurisdiction, the Eighth Circuit has rejected Defendant's theory of "fraudulent misjoinder", and the claims do not involve a substantial federal question, simply because Plaintiffs reference a federal statute. [ECF No. 19].

On Plaintiffs' motion to expedite, they argue Defendant is simply trying to have this case transferred to Multi District Litigation ("MDL"), and courts in this district historically granted motions to expedite or remand prior to MDL transfer. [ECF No. 7]. Defendant responds jurisdiction is proper, and remand is not in the interest of judicial economy. [ECF No. 12]. Plaintiffs' motion to remand is fully briefed, and ready for decision; therefore, as Plaintiffs' motion to expedite pertains to briefing, the issue is now moot. However, the Court will consider Plaintiffs' motion to expedite, pertaining to the ruling on the motion to remand.

Defendant argues in their motion to stay proceedings and enlarge time to answer, briefings should be stayed until a decision is made as to whether this case will be transferred to MDL no. 2672 (Volkswagen "clean diesel" marketing, sales practices, and products liability litigation), since significant progress has been made in regards to pleadings, discovery, and settlement negotiations, under a Special Master in the MDL. [ECF No. 8]. Plaintiffs in their Memorandum in Opposition contend a stay is inappropriate because there is clearly no federal jurisdiction, judicial economy is best served by facilitating litigation in the appropriate forum, Plaintiffs would be prejudiced by not

respecting their choice of forum, and a transfer to MDL would create unnecessary delays. [ECF No. 14].

## II. STANDARD OF REVIEW

A putative transferor court is not prevented from making rulings and need not generally suspend proceedings because an MDL transfer motion has been filed. *In re Asbestos Products Liab. Litig.*, 170 F. Supp. 2d 1348, at FN1 (J.P.M.L. 2001); *see Manual for Complex Litigation (Fourth)* § 22.35. A stay pending the panel's decision can increase judicial efficiency, but this reasoning diminishes where the absence of federal jurisdiction is clear. *Manual for Complex Litigation (Fourth)* § 22.35. "[The District] Court is in the best position to determine subject matter jurisdiction, and waiting for a decision by the [Judicial Panel on Multidistrict Litigation] before ruling on the motion to remand 'would not promote the efficient administration of justice'". *Spears v. Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-855 CEJ, 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013) (quoting *Stone v. Baxter Int'l, Inc.*, No. 4:08–CV–3201, 2009 WL 236116, at *2 (D.Neb. Jan. 30, 2009)).

The District Court also has the inherent power to stay its proceedings. In determining whether to stay the decision, the Court must balance competing interests. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *Miller v. Bayer HealthCare Pharm. Inc.*, No. 4:15CV1401 CDP, 2015 WL 5572801, at *1 (E.D. Mo. Sept. 22, 2015). In considering a motion to stay, a Court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

## III. DISCUSSION

There are three pending motions presently before the Court in this case, all of which are fully briefed, Plaintiffs' Motion to Remand, Plaintiffs' Motion to Expedite Briefing and Ruling on

Plaintiffs' Motion to Remand, and Defendant's opposing Motion to Stay Proceedings and Enlarge Time to Answer. The Court will first address Defendant's Motion for a Stay and to Enlarge Time to Answer.

Defendant argues a stay in this case is appropriate because of the significant work already done by the MDL; the Plaintiffs will not be prejudiced by a delay; Defendant will be unduly prejudiced because of the duplicative work ongoing in the MDL; and judicial economy is not well served by having this Court and the MDL both resolve pretrial and discovery issues. [ECF No. 9] Plaintiffs respond, a motion to stay is inappropriate since federal jurisdiction is clearly absent, judicial economy is best served when a forum does not have to interpret another forum's law, and a stay prejudices plaintiffs because of the unnecessary delay associated with a transfer to the MDL. [ECF No. 14].

A. *Federal Jurisdiction*

Before the Court can begin the balancing of interests necessary to determine whether a stay should be granted, the Court must first decide if federal jurisdiction is clearly absent. Where federal jurisdiction is clearly absent, it significantly weighs in balance of denying a stay. *Manual for Complex Litigation (Fourth)* § 22.35. Therefore the Court will first decide if Defendant presents arguments which show a reasonable probability federal jurisdiction is present, before balancing the competing interests in determining whether a stay is appropriate. Defendant removed this case to Federal Court alleging jurisdiction on the basis of diversity jurisdiction under U.S.C. §§1332, 1441(a) and 1446 (b); and federal question jurisdiction under 28 U.S.C. § 1331.

1. *Diversity Jurisdiction*

Defendant asserts removal is proper pursuant to 28 U.S.C. §1332(a) because diversity of citizenship exists between Defendant and Plaintiffs who are properly joined. [ECF No. 1].

Plaintiffs argue remand is necessary, because Plaintiff Waterman and Defendant are both citizens of Virginia, and therefore such complete diversity does not exist. Defendant replies Plaintiff Waterman was fraudulently misjoined and should not be considered in determining if complete diversity exists.

A defendant may remove a case to federal court only if the claim could have been originally brought in federal court. 28 U.S.C. § 1441; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Courts have original jurisdiction over actions where complete diversity exists between plaintiffs and defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir.2007).

The Eighth Circuit has not yet ruled if removal based on diversity of citizenship can be thwarted where there is fraudulent misjoinder. *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010). Fraudulent misjoinder:

> "occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction."

*Prempro*, 591 F.3d at 620 (quoting Ronald A. Parsons, Jr., *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L.Rev. 52, 57 (2008). In *Prempro*, the Eighth Circuit declined to adopt or reject the fraudulent misjoinder doctrine finding common questions of law and fact were likely to arise in the litigation, particularly in regards to causation, and there was no evidence Plaintiff's misjoinder was fraudulent or bordering a sham. *Id.* at 622.

It is undisputed, Defendant and Plaintiff Waterman are both citizens of Virginia; therefore, complete diversity does not exist unless the Court adopts the theory of fraudulent misjoinder. In similar cases before the Eastern District, Courts have ruled to conform to the Eighth Circuit, declining to rule on the issue of fraudulent misjoinder. District Courts have denied federal jurisdiction on the basis of fraudulent misjoinder without making a ruling on whether fraudulent misjoinder is a proper legal theory, finding, even if the theory was proper, fraudulent misjoinder was not present in these cases because common issues of fact and law exist and there is no evidence of fraud in the pleadings. *Hall v. Glaxosmithkline, LLC*, 706 F. Supp. 2d 947, 949 (E.D. Mo. 2010); *Spears v. Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-855 CEJ, 2013 WL 2643302, at *3 (E.D. Mo. June 12, 2013); *Coleman v. Bayer Corp.*, No. 4:10CV01639 SNLJ, 2010 WL 10806572, at *2 (E.D. Mo. Dec. 9, 2010).

Defendant argues *Prempro* can be distinguished in this case, because it is obvious Plaintiffs joined their claims only to defeat diversity jurisdiction, and because *Prempro* is based on a flexible test which allows for creating an adaptable response to promote judicial economy, and purchasing a car is different from the prescription drug marketing described in *Prempro*. [ECF No. 10 at 14-15]. Plaintiffs, in their reply motion to remand, argue jurisdiction is still not appropriate because common questions of law or fact still remain between Plaintiffs and Defendant as in *Prempro*. [ECF No. 19]. The Defendant bears the burden of proof to remove, and they have not cited any facts or made allegations of any improper actions or claims taken by the Plaintiffs to join Plaintiff Waterman. Further, the Court agrees with Plaintiffs, where there is a national marketing campaign and all Plaintiffs purchased the same products, there are similar questions of law and fact. As such, the Court finds diversity jurisdiction is clearly absent, as fraudulent misjoinder was not present here.

2.     *Federal Question Jurisdiction*

Defendant also alleges removal is proper on the basis of federal question jurisdiction under 28 U.S.C. § 1331, since Plaintiffs' state law claims arise under the Federal Clean Air Act, thus subjecting the claims to federal question jurisdiction. [ECF No. 1]. Plaintiffs respond that merely referencing a federal statute in a state law claim does not give rise to a federal question jurisdiction. [ECF No. 19].

"An action 'aris[es] under' federal law: (1) where "federal law creates the cause of action asserted," and (2) in a "special and small category of cases" in which arising under jurisdiction still lies. *Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 645 (Fed. Cir. 2015) (quoting *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013)). This category of cases allows for federal jurisdiction to exist where "A state law claim which necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). The Supreme Court further refined this into a four part test where federal jurisdiction arises under a state law claim "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S. Ct. at 1065.

To determine if the federal issues raised are "substantial", the Court must analyze whether the issues are significant to the federal system as a whole, or if they are only significant to the particular parties in the immediate suit. *Gunn*, 133 S. Ct. at 1066. Recent Supreme Court case law suggests there are two types of cases where the issue is substantial. The first category of cases is where the outcome of the claim, turns on a new interpretation of federal law, and therefore impacts

7

a large number of cases. *Municipality of Mayaguez v. Corporacion Para el Desarrollo del Oeste, Inc.*, 726 F.3d 8, 14 (1st Cir. 2013). In this category, a claim is more likely to be substantial if it involves pure issues of law, which could be applied to many cases, as opposed to pure issues of fact, which would limit any precedential value. *Id.* citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700–701 (2006). The second category of cases is where the resolution of the issue has broader significance for the federal government, such as there is a direct interest of the government for the availability of a federal forum to vindicate its own administrative action. *Municipality of Mayaguez,* 726 F.3d at 14 (citing *Gunn*, 133 S.Ct. at 1066; *Grable*, 545 U.S. at 315).

Each claim requires the Plaintiff to prove Defendant violated the Federal Clean Air Act. Plaintiff alleges Defendant's CEO has admitted Defendant's violation of the Federal Clean Air Act, but this still an unproven allegation at this stage, and therefore the federal issue must be necessarily raised. Further, presently, the Court does not need to determine whether an actual dispute exists, but whether the dispute is so clearly absent, it makes a finding federal jurisdiction clearly absent. At this point, Plaintiffs only have allegations of admissions by Defendant, and Defendant has not yet made an admission in this court, and therefore it cannot be said a dispute is clearly absent here.

The possible substantial federal issue involves a determination of whether there is a Clean Air Act violation. In *Grable*, the Court found a substantial federal issue existed in a quiet title action brought against a third party who purchased property previously seized by the IRS, where the plaintiff in the case argued the Government failed to provide notice, because the Government had a strong interest in recovering unpaid taxes through the seizure of real property and the ability to maintain clear and consistent terms for buyers of seized property. Similarly, a district court has

held where a state law claim required the interpretation of federal tariffs a substantial federal government interest was in play, because federal courts could use this as precedent for interpretation of different tariffs. *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC*, 103 F. Supp. 3d 1000, 1024-1025 (D. Minn. 2015). However, the Supreme Court determined state law claims requiring the interpretation of a patent issue to determine if Defendant committed malpractice was not a substantial issue, since no precedential value would be created because federal courts were not bound to state decisions on this issue, and the decision would not undermine the development of a federal unified body of patent law. *Gunn*, 133 S. Ct. at 1066-67. It appears, Defendant can make reasonable arguments on whether there is a substantial federal issue in this case, because a ruling here could be applied to a large number of cases, or the federal government might have an interest to vindicate its own administrative action.

The Court must now determine if Defendant can establish a federal court may be capable of resolving this issue without disrupting the federal-state balance approved by Congress. State Courts, in which tort suits are lodged, are competent to apply federal law, and can determine an appropriate recovery. *Empire Healthchoice Assur., Inc.*, 547 U.S. 677 at 701. However, the Clean Air Act requires citizen suits to be brought in federal district Court, showing the government has an interest in litigating these disputes in a federal forum, and the Second Circuit has previously found federal question jurisdiction over state law claims which referenced different portions of the Clean Air Act. 42 U.S.C. 7604; *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996). While the Court does not make a determination on whether federal question jurisdiction is appropriate, it cannot be said federal jurisdiction is clearly absent as Defendant is able to make a reasonable argument for jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

*B. Appropriateness of Stay*

Defendant's motion to stay argues a stay conserves the resources of the parties, counsel and judiciary. [ECF No. 9 at 3]. Plaintiffs contend a stay does not increase judicial efficiency, and a stay prejudices the Plaintiffs. [ECF No. 14 at 3-6].

Plaintiffs argue they will be prejudiced with a stay because they lose the ability to choose the forum of their choice, and the case will be significantly delayed with a transfer to MDL. Defendant asserts they face hardship if the stay is denied, because Defendant would be required to litigate this case once before this court and a second time before the MDL, where there has already been significant discovery and briefing.

Defendant also argues a stay conserves judicial resources, since this Court and the MDL will each have to resolve similar issues. Plaintiffs respond, judicial economy is best served by this court resolving remand to avoid a foreign forum from interpreting the law of this forum. *See T.F. ex rel. Foster v. Pfizer, Inc.*, No. 4:12CV1221 CDP, 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012).

The Court attempts to balance the competing interests of Plaintiffs and Defendant, while being mindful of conserving judicial resources. While the Court recognizes the prejudice to Plaintiffs in granting a stay, the Court determines a stay is appropriate until transfer to MDL or consolidation of cases is granted to avoid multiple mixed rulings on the issue of federal question jurisdiction. This case is distinguished from cases Plaintiffs have cited because of possible federal question jurisdiction. The Defendant does not clearly lack federal question jurisdiction, and the interests of judicial economy require the stay of the motion to remand pending a transfer to MDL or the grant of a motion to consolidate.

## IV. CONCLUSION

A stay is appropriate after a careful balancing of the competing interests of Plaintiffs and Defendant, while being cognizant of conserving judicial resources. The Court, in performing this balancing, determined federal question jurisdiction was not clearly absent, since Defendant could make reasonable arguments the Clean Air Act Violations are necessarily raised, must be proved, are a substantial federal issue and capable of resolution without disrupting the state-federal balance. Further, when balancing the parties' interests and judicial economy, a stay is appropriate, despite the hardship it may cause to the plaintiffs, because of the prejudice to the Defendant and the preservation of judicial resources.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Volkswagen Group of America, Inc. Motion to stay proceedings and enlarge time to answer is hereby **GRANTED**. [ECF No. 8].

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Expedite Briefings and Ruling on Plaintiffs' Motion to Remand is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Volkswagen Group of America, Inc., shall file a status report on the need for a further stay on July 11th, 2016 if there has been no decision on transfer to MDL no. 2672.


So Ordered this 11th Day of May, 2016.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**